MOTION DENIED
DATE: 11-19-15/R-76,283-06
BY: PC

STEVEN MICHAEL BACKSTROM § IN THE TEXAS COURT

VS. § OF CRIMINAL APPEALS

THE STATE OF TEXAS § AUSTIN, TEXAS

---

CHAPTER 13 MOTION (FRAUD ON THE COURT)
PURSUANT TO TEX. R. CIV. PROC, CHAPTER 13

---

TO THE HONORABLE JUSTICES OF SAID COURT:

COMES NOW, STEVEN MICHAEL BACKSTROM, Petitioner herein, and would respectfully show this Court the following:

Petitioner (Backstrom) was convicted of one count of burglary of/ habitation w/ intent to commit indecency w/ minor and one count of aggravated sexual assault /child and sentenced to 99 years and life in prison, respectively. Backstrom filed an actual innocence writ of habeas corpus into the 33rd Judicial District Court. The Tex. Court Crim. Appl. received his writ and any annexed documents on August 24, 2015 and filed its order on September 16, 2015.

With respect to Petitioner's claims, this Honorable Court has been defrauded.

FRAUD

The common law of fraud is defined as:

1.

1) A false statement of material fact; 2) by one who knows or believes it to be false; 3) made with the intent to induce action by another in reliance on that statement; 4) action by the other in reliance on the truthfulness of the statement; and 5) injury to the other resulting from that reliance. Athley Prod. Corp. v. Roselle, 89 F3d 430, 437 (1996). The Fifth Circuit has defined fraud as misrepresentation or misconduct by an opposing party. Luna v. Cain, 2014 U.S. Dist. LEXIS 33485. (N)

The inquiry as to whether a judgement should be set aside for fraud upon the court focuses not so much in terms of whether the alleged fraud prejudiced the opposing party but more in terms of whether the alleged fraud harms the integrity of the judicial process. Compare to Hazel-Atlas, 322 U.S. 264, 64 S.Ct. 997 (1944); Alexander v. Robertson, 882 F2d 421, 424 (1989).

As federal law describes this, "One species of fraud upon the court occurs when an 'officer of the court' perpetrates fraud affecting the ability of the court... to impartially judge a case". In re Intermagnetics America, Inc. 926 F2d 912, 916 (1991) "[F]raud upon the court includes both attempts to subvert the integrity of the court and fraud by an officer." Id at 916. This "must involve an unconscionable plan or scheme which is designed to improperly influence the court in it's decision." Abatti v. Comm., 859 F2d 115, 118 (1988).

(N) Backstrom could find no specific legal authority where this Court has previously addressed fraud inflicted upon it.

## DID FRAUD OCCUR HERE?

Backstrom will break this down with respect to the previously addressed common law requisite.

1) A false statement of material fact:

Backstrom's actual innocence writ was actually a subsequent writ. TEX. R. CRIM. PROC. ART. 11.07 §4(a) addresses this. Two options exist which allow a subsequent application:

1) In short, newly discovered evidence or new Supreme Court law; or

2) but for the constitutional error at trial, no rational jury would have convicted the defendant.

Backstrom filed his actual innocence writ pursuant to 11.07 §4(a)(2); Schlup v. Delo, 115 S.Ct 351 (1995); McQuiggins v. Perkins, 133 S.Ct. 1924 (2011).

The State argued that because Backstrom filed two grounds within his first writ that he also reargued in his subsequent writ, he should be denied relief based on §4(a)(1). This is a blatent misstatement of law.

Moreover, Backstrom's third ground was a perjury claim, proven indisputably; however, the State took it upon itself to change this proven perjury into a "recantation" then changed the appropriate Schlup-type standard of review into a Herrera-type standard. This is a misrepresentation of the material facts.[1]

2) by one who knows or believes it to be false:

---

[1] An attorney is not allowed to misstate law or misrepresent material facts. See Rules of Prof. Cond. 3.03 - 3.08.

3

The author of the State's Answer is a doctorate of jurisprudence, an officer of the court, and the man responsible for addressing the appeals into that district. It can be presumed that, at minimum, this attorney is well versed in Tex. Code Crim. Proc. Art 11.07 §4 a(1)&(2). Certainly this is not the first actual innocence claim to enter that jurisdiction. It is safe to state that the State knew the law; therefore, knew it's argument was erroneous.

3) Made with the intent to induce action by another in reliance on that statement:

The State very specifically requested that any relief be denied based on this foregoing argument and the trial court obliged by forwarding a findings based on the State's fraudulent misinterpretation of the law. This is unconscionable and a paradigmatic abuse of discretion for a court to base its judgement on an erroneous view of the law. Cooter & Gell v. Hartmarx Co., 110 S.Ct. 2447, 2460-61 (1990). Furthermore, all appellate attorneys for the State are manifestly aware of this Court's presumption of correctness doctrine. Without a doubt, the State took full advantage of this procedure.

4) Action by the other in reliance on the truthfulness of the statement:

The Tex. Court Crim. Appls did in fact deny relief, with a written order, exactly as the State recommended : all based on an erroneous interpretation of the law.

5) injury to the other resulting from that reliance:

Injury cannot be calculated to a much higher degree, from an appellate standpoint, than to be erroneously denied relief, especially giving Backstrom's innocence which is fully supported by the preponderance of the evidence.

In sum, the entire judicial process is undermined when a state appellate attorney knowingly and intentionally misstates the law and misrepresents the material facts for the sole purpose of denying relief with the full understanding that this fraud will lead the higher court down an unjust road.

For the adversarial process to work properly and justly, arguments must be directed toward the merits of the case, not some offhand argument that results in fraud.

In this matter Backstrom has demonstrated that the State acted in bad faith that was designed to improperly influence this Court to deny him relief.

He would respectfully ask this Court to exercise its inherent powers by suspending its prior judgement in which its enforcement leads to inequitable results.

So prayed this 13th day of October, 2015

Under penalty of perjury, Petitioner, Steven M. Backstrom, avers to all of the facts and statements herein.

Signed this 15th day of October, 2015.

Respectfully Submitted,

Steven M. Backstrom
TDCJ # 1657938
Clements Unit
9601 Spur 591
Amarillo, TX 79107